UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY OKEITH EASTER,

    Plaintiff,

    v.

JERRY BROWN, *et al.*,

    Defendants.

Case No.  2:26-cv-0842-DJC-JDP (PS)

ORDER

Plaintiff brings this action against former California Governor Jerry Brown and former Virgina Governor John Dalton.  His claims, as articulated, are not cognizable.  I will dismiss the complaint and give plaintiff an opportunity to remedy the deficiencies identified below.  I will also grant plaintiff's *in forma pauperis* application, which makes the required showing.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

1

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff asserts claims for violation of his Eighth, Ninth, Thirteenth, and Fourteenth Amendments rights against California's and Virgina's former Governors in three seemingly independent factual scenarios.  ECF No. 1.  First, plaintiff alleges that he was living in Los Angeles in 1980 when the State of Virgina extradited him for an "untried indictment." *Id.* at 6. He states that he was held in a Virigina jail for about two years before being released. *Id.* After he was released, he committed crimes in Virigina and spent approximately ten years in prison. *Id.* Plaintiff claims that he was then "involuntary[il]y held" from 1997 until 2016 in Virigina. *Id.* He returned to California in 2018. *Id.*

Plaintiff next alleges that John and Mickey Chohany, contractors for the Commonwealth Jamestown Yorktown Foundation, lied to the Virgina Department of Education by stating that plaintiff was not employed by the Foundation from 2008 through 2016. *Id.* This lie caused plaintiff issues with the Virgina unemployment office. *Id.* at 6-7.

Finally plaintiff alleges that he was discharged from the United States Army after he completed basic training because he refused to "commit suicide if the com center [he] was working [in] was invaded, by blowing it up" and because he would not go to Germany after the Holy Spirit warned him that he would die if he left the United Staes. *Id.* Plaintiff states that because he did not have a complete nervous breakdown, he was offered an honorable discharge as a trainee but did not qualify for any benefits. *Id.* Plaintiff initially received treatment at the Medical College of Virginia but was transferred to the Veteran's Affairs hospital. The VA informed plaintiff that he was eligible for a pension because he had completed basic training. *Id.* Plaintiff seeks to have his pension restored and back pay from 1977.

Plaintiff's constitutional claims under 42 U.S.C. § 1983 are barred by the Eleventh Amendment. "The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996)).

This immunity, however, is not absolute. States can be subject to suit in federal court if (1) Congress enacts a law that authorizes such a suit, or (2) the state consents to be sued in a federal forum. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). "Congress may abrogate the [s]tates' Eleventh Amendment immunity when it both unequivocally intends to do so and 'acts pursuant to a valid grant of constitutional authority.'" *Bd. of Trs. v. Garrett*, 531 U.S. 356, 363 (2001) (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000)). Section 1983 did not abrogate the states' sovereign immunity under the Eleventh Amendment, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and California has not consented to suit for section 1983 claims, *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999). Accordingly, the Eleventh Amendment bars plaintiff's constitutional claims.

The complaint is dismissed with leave to amend. Plaintiff may file an amended complaint that explains why, if at all, his claims should proceed. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "First Amended Complaint" and be filed within thirty days of this order's entry.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:    May 25, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4