UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY OKEITH EASTER,<br>Plaintiff,<br>v.<br>JERRY BROWN, *et al.*,<br>Defendants. | Case No. 2:26-cv-0842-DJC-JDP (PS)<br><br>ORDER;<br>FINDINGS AND RECOMMENDATIONS |

In his first amended complaint, plaintiff brings this action against former California Governor Jerry Brown and former Virgina Governor John Dalton. His claims, as articulated, remain not cognizable. Accordingly, I will dismiss the complaint without leave to amend.[1]

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

[1] I will also deny plaintiff's motion to appoint counsel, ECF No. 5, as moot in light of the recommendation that this action be dismissed.

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that his Eighth, Ninth, Thirteenth, and Fourteenth Amendments rights were violated by defendants, both former Governors of California and Virgina. ECF No. 4. Plaintiff's states that age twenty-three he told his mother that he was moving to California because he "felt [he] was being called." *Id.* at 5. In September 1980, plaintiff was arrested in California for robbery and was detained in the "glass house" for 72 hours. *Id.* Plaintiff was then sent to Virginia on October 28, 1980, for trial. *Id.* Plaintiff alleges that the Virgina case continued from November 1, 1980, through December 1982. After the case concluded, plaintiff was not returned to California. Plaintiff believes that he should have been transported back to California in December 1982 or January 1983.

As explained in my prior screening order, plaintiff's constitutional claims under 42 U.S.C. § 1983 are barred by the Eleventh Amendment. "The Eleventh Amendment has been

authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996)).

This immunity, however, is not absolute. States can be subject to suit in federal court if (1) Congress enacts a law that authorizes such a suit, or (2) the state consents to be sued in a federal forum. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). "Congress may abrogate the [s]tates' Eleventh Amendment immunity when it both unequivocally intends to do so and 'acts pursuant to a valid grant of constitutional authority.'" *Bd. of Trs. v. Garrett*, 531 U.S. 356, 363 (2001) (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000)). Section 1983 did not abrogate the states' sovereign immunity under the Eleventh Amendment, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and neither California, *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999), nor Virgina, *Hatcher v. Hines*, No. 3:23cv325, 2024 WL 1158365, at *3 (E.D. Va. Mar. 18, 2024), have consented to suit for section 1983 claims. Accordingly, the Eleventh Amendment bars plaintiff's constitutional claims.

Moreover, a time-barred claim may be dismissed at the screening stage when expiration of the applicable statute of limitations is apparent on the face of the complaint. *See Belanus v. Clark*, 796 F.3d 1021, 1026-27 (9th Cir. 2015); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint"); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (claim may be dismissed under 12(b)(6) for failure to state a claim on the ground that it is barred by the statute of limitations "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled"). "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher*, 592 F.3d at 969 (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

Plaintiff's claims are time-barred. Section 1983 does not contain its own statute of limitations, and without a federal limitations period, the federal courts "'apply the forum state's

statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (quoting *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004)). California's statute of limitations for personal injury claims is two years. *See* Cal. Civ. P. Code § 335.1; *Canatella*, 486 F.3d at 1132. Plaintiff alleges that his injury–not being transported back to California–occurred in 1982, which is well past the applicable statute of limitations period.

Based on the foregoing, I recommend that this action should be dismissed without leave to amend because amendment would be futile. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citations omitted); *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

Accordingly, it is hereby ORDERED that plaintiff's motion to appoint counsel, ECF No. 5, is DENIED as moot.

Further, it is hereby RECOMMENDED that:

1. Plaintiff's first amended complaint, contained in ECF No. 4, be DISMISSED without leave to amend.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

1991).

IT IS SO ORDERED.

Dated: July 13, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE